# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

**DAVID KASPAR, ET AL.** : CASE NO. 2:22-cv-02586

**VERSUS** : JUDGE JAMES D. CAIN, JR.

**FEDNAT INSURANCE CO.** : MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court is plaintiffs' Motion for Leave to File Amended Complaint. Doc. 11. Plaintiffs' amendment seeks to add as a defendant the Louisiana Insurance Guaranty Association ("LIGA").

Leave to amend pleadings should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should grant leave to amend "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1504, 258-59 (3d. ed.). "Leave to amend, however, is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). The decision whether to grant leave is squarely in the discretion of the court. *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating*, L.L.C., 25 F.4th 369, 384 (5th Cir. 2022). In deciding a motion to amend, the court should consider "whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds

nothing of substance to the original allegations or is not germane to the original cause of action." *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983).

Plaintiffs have produced no documentation indicating that they have received relief from the stay issued by the Second Judicial Circuit Court in and for Leon County, Florida [doc. 8] that would allow this court to authorize assertion of additional claims against FedNat. On this basis alone, the motion must be denied as to grant would allow plaintiffs to violate the Florida court's litigation stay order. Doc. 8, p. 20. (Consent Order, *Florida v. FedNat Ins. Co.*, 2022-ca-001688 (Fla. 2d Jud. Cir. 9/27/22)).

Furthermore, the court finds that the addition of LIGA as a defendant would destroy the court's diversity jurisdiction under 28 U.S.C. § 1332 because both LIGA and the plaintiffs are Louisiana citizens. *Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen and that joining LIGA as a defendant would destroy the Court's diversity jurisdiction."). "Even though the Court had complete diversity at the time the suit was filed, a plaintiff's joinder of a non-diverse party destroys diversity jurisdiction." *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd,* 25 F.4th 369 (5th Cir. 2022). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because the amendment would require the court to dismiss the action for lack of subject matter jurisdiction, the court finds that the amendment would be futile, and we therefore deny the request.[1]

---

[1] Should plaintiffs wish to proceed against LIGA in this forum, they might consider filing a Motion to Substitute LIGA for FedNat Insurance Co. *See Hale v. America's Ins. Co.*, 21-cv-2902 (W.D. La. 1/25/23) (Memorandum Order on motion to substitute).

For the foregoing reasons, it is **ORDERED** that the Motion for Leave to Amend [doc. 11] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 13$^h$ day of July, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE